**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

—————————————————————   )
                                              )
LORRI OKPARA,                                 )
                                              )
            Plaintiff,                        )
                                              )
      v.                                      )       Civil Action No. 14-CV-535 (RDM)
                                              )
DISTRICT OF COLUMBIA, *et al.,*               )
                                              )
            Defendants.                       )
—————————————————————   )

## JOINT PRETRIAL STATEMENT

Pursuant to Local Civil Rule 16.5, Plaintiff Lorri Okpara and Defendants District of

Columbia, Kamil Rembiszewski, and Robert Howard hereby file the following joint pretrial

statement.

## I.    PARTIES AND COUNSEL

Plaintiff Lorri Okpara                 Geoffrey D. Allen, Esq.
                                       1730 Rhode Island Ave, NW
                                       Suite 206
                                       Washington, DC 20036
                                       Tel: (202) 778-1167
                                       Fax: (202) 659-9536
                                       E-Mail: GeoffreyAllen@Verizon.Net
                                       *Counsel for the Plaintiff*

Defendant District of Columbia         Michael K. Addo
Defendant Kamil Rembiszewski           Chief, Civil Litigation Division, Section IV
Defendant Robert Howard                Alicia M. Cullen
                                       Assistant Attorney General
                                       Office of the Attorney General
                                       441 Fourth Street, NW, Suite 630 South
                                       Washington, DC 20001
                                       202-724-6539 (direct); 202-442-9840 (direct); 202-
                                       727- 6295 (main)
                                       202-741-0585; 202-715-7721 (facsimile)
                                       michael.addo@dc.gov; alicia.cullen@dc.gov
                                       *Counsel for Defendants*

## II.   STATEMENT OF THE CASE

On July 28, 2013, Ms. Lorri Okpara was arrested at her home at 5324 Rock Creek Church Road, NE, Apartment 318, Washington, DC 20011, for "simple assault-Domestic Violence."  She was taken to the Central Cell Block where she reported that she began feeling sick.  Two officers, Kamil Rembiszewski and Robert L. Howard, transported Ms. Okpara to the hospital.  Plaintiff alleges Officer Howard placed her in handcuffs and over-tightened them.  She also alleges the handcuffs were not removed or loosened, despite numerous requests for the officers to do so.  Plaintiff alleges she suffered permanent nerve damage to her wrist. Defendants deny over-tightening the handcuffs.  Defendants deny any liability or wrongdoing or that they were the cause of any injury sustained by Plaintiff.

## III.   CLAIMS AND/OR DEFENSES

### Plaintiff:

1.      Officer Kamil Rembiszewski, Badge Number 4545, and Officer Robert L. Howard, Badge Number 4794, were employed by the Metropolitan Police Department on July 28, 2013.

2.      On July 28, 2013, they were acting within the scope of their employment when they transported Plaintiff to and from the Washington Hospital Center.

3.      Prior to transport, Plaintiff was handcuffed with her hands behind her back. Plaintiff complained that the handcuffs were too tight.

4.      The District of Columbia's training materials in effect at the time required that the handcuffs be tested by inserting the tip of the index finger under the handcuff on the top, bottom and sides of the wrist.

5.      This requirement is also the national standard of care with respect to handcuffing.

2

6.      Plaintiff alleges that officers failed to test the handcuffs for over tightness at all and in so doing failed to exercise reasonable care as required by the national standard of care.

7.      In the alternative, Plaintiff alleges that the test the Officers claim they made was not the correct "circumference" test described above in Paragraph 4. Plaintiff further alleges that the failure to conduct the correct test was a violation of the national standard of care and the District's own training.

8.      Plaintiff's handcuffs were not removed for a period of approximately two hours and ten minutes.

9.      As a direct and proximate consequence thereof, Plaintiff suffered permanent nerve damage to her left wrist.

10.      Plaintiff's past medical treatment has been reasonable and necessary.

11.      Plaintiff will require medical treatment in the future.

12.      Plaintiff's medical expenses are reasonable.

13.      Plaintiff's estimate of future medical expenses is reasonable.

14.      Plaintiff was unable to work as a Special Police Officer as a result of her injuries and suffered wage loss as a result. Her wage loss was proximately caused by her injuries.

15.      Plaintiff claims past and future pain and suffering caused by her ongoing physical problems caused by the injury suffered on July 28, 2013.

16.      In the alternative Officers Rembiszewski and Howard by refusing to loosen Plaintiff's handcuffs, assaulted and battered her by causing her endure the unwanted application of force to her wrists.

17.      Plaintiff claims that the Defendant Officers' conduct in applying the handcuffs initially and then refusing to loosen them violated her Fourth Amendment right not to be

subjected to unreasonable and excessive force during the course of her pre-arraignment detention.

18.     Alternatively, Plaintiff claims that the Defendant Officers' conduct amounted to excessive force and violated her right to the due process of law under the Fifth Amendment.

19.     Should the Plaintiff prevail on a civil rights claim she will apply for an award of attorney's fees and allowable litigation costs.

**Defendants:**

1.     Any action taken by Defendants was necessary and reasonable under the circumstances and carried out pursuant to lawful authority.

2.     If Plaintiff was injured or damaged as alleged, such injuries were the result of her own intentional, illegal and/or otherwise wrongful conduct.

3.     Defendants assert immunity, qualified immunity, governmental immunity, privilege and absence of bad faith.

4.     If Plaintiff was injured or damaged as alleged, said injuries or damages resulted from Plaintiff's own willful conduct, contributory negligence, and/or assumption of the risk thus eliminating any reasonable damages against Defendants.

5.     Defendants' actions or inactions were not the proximate cause of any injuries, losses, or damages to Plaintiff.

6.     The District seeks a set-off for any and all benefits provided by Plaintiff by the District.

## IV.     UNDISPUTED ISSUES/STIPULATIONS

**Plaintiff:**  Plaintiff requests that the parties stipulate to the authenticity of all exhibits. Defendant failed to respond to Plaintiff's Request for Admissions.  Therefore, all items covered therein are admitted.

**<u>Defendants:</u>**  None.  Defendants object to Plaintiff's requested stipulations.  Defendants did not receive request for admissions from Plaintiff during discovery.

## V.   <u>PENDING MOTIONS</u>

The District has two (2) pending motions *in limine*: 1) to preclude any testimony or evidence relating to Plaintiff's claim for lost wages; and 2) to exclude Plaintiff's any medical bills from Plaintiff's treatment at Washington Hospital Center.  Plaintiff does not oppose the second motion but does oppose the motion concerning lost wages.

## VI.   <u>WITNESSES</u>

**<u>Plaintiff:</u>**

**<u>Plaintiff</u>**                                     **Eye Witness**

Estimated Length of Trial Testimony:       2 hours

**<u>Simon Okpara (Plaintiff's Husband)</u>**       **Eye Witness & Damages Witness**

Mr. Okpara will provide testimony regarding the incident, Plaintiff's arrest, the subsequent injuries sustained by Plaintiff and how this affected Plaintiff's activities of daily living.

Estimated Length of Trial Testimony:       1 hour

**<u>Michael E. Batipps, MD*</u>**                 **Plaintiff's Neurology Expert**

Dr. Batipps is expected to opine that Plaintiff has a classic handcuff neuropathy involving the left superficial radial nerve sensory branch.   EMG and nerve conduction studies were abnormal indicating a left radial sensory nerve injury.  Dr. Batipps will opine that Plaintiff's injure was proximately caused by the overly-tightened handcuffs that were applied on July 28, 2013. Dr. Batipps will opine as to the limitations this will cause in her activities of daily life and as to her prognosis; that is a permanent injury to her left wrist.  He will testify that her treatment has been reasonable and necessary and that her medical expenses are reasonable.

Estimated Length of Trial Testimony:        3 hours

**Robert Klotz\***                                    **Plaintiff's Police Expert**

Mr. Klotz will testify as to all matters identified in his report.  He is expected to opine

that Officers Howard and Rembiszewski over tightened the handcuffs initially and that they

failed to loosen the restraints when repeatedly informed they were causing pain to Plaintiff.

Additionally, he will testify that the test the Officers claim to have made to determine the

tightness of the handcuffs was the incorrect test.  Mr. Klotz will opine that the actions of the

officers violated both national and local police standards and that their conduct was objectively

unreasonable.

Estimated Length of Trial Testimony:        2 hours

**Wayne R. Thompson**                          **Damages Witness**
**MPDC Certified Firearms Instructor**

Officer Thompson is expected to provide testimony on Plaintiff's failed firearms test.

Estimated Length of Trial Testimony:        30 minutes

**Custodian of Records**
**Washington Hospital Center**

The custodian is expected to testify as to the authenticity of Plaintiff's medical bills and

records from Washington Hospital Center.

Estimated Length of Trial Testimony:        30 minutes

**Custodian of Records**
**Medlantic HealthCare**

The custodian is expected to testify as to the authenticity of Plaintiff's medical bills from

Medlantic Healthcare.

Estimated Length of Trial Testimony:        30 minutes

**Custodian of Records**
**Washington Medical Group**

The custodian is expected to testify as to the authenticity of Plaintiff's medical bills and records from Washington Medical Group.

Estimated Length of Trial Testimony:          30 minutes

**Custodian of Records**
**Neurodiagnostic Associates**

The custodian is expected to testify as to the authenticity of Plaintiff's medical bills and records from Neurodiagnostic Associates.

Estimated Length of Trial Testimony:          30 minutes

**Custodian of Records**
**Providence Hospital**

The custodian is expected to testify as to the authenticity of Plaintiff's medical bills and records from Providence Hospital.

Estimated Length of Trial Testimony:          30 minutes

**Custodian of Records**
**DC Metropolitan Police Department**

The custodian is expected to testify as to the authenticity of the records pertaining to Plaintiff from DC Metropolitan Police Department.

Estimated Length of Trial Testimony:          30 minutes

**Custodian of Records**
**DC Metropolitan Police – Security Officers Management Branch**

The custodian is expected to testify as to the authenticity of the failed firearms certification pertaining to Plaintiff.

Estimated Length of Trial Testimony:          30 minutes

Plaintiff reserves the right to call any witness named by Defendant.

**<u>Defendants:</u>**

1.      Lorri Okpara

Plaintiff is expected to testify about events and allegations set forth in her Complaint.  Plaintiff is expected to testify that on July 28, 2013, while in Metropolitan Police Department custody, she was transported from Central Cell Block to Washington Hospital Center.  She is expected to offer testimony about this transport and the injuries she allegedly sustained as a result of her transport to the hospital.

Expected Time:  1 hour

2.      Kamil Rembiszewski
        D.C. Metropolitan Police Department
        Fourth District
        6001 Georgia Avenue, NW
        Washington, DC 20011

Defendant Kamil Rembiszewski will testify about his involvement in the transport of Plaintiff to and from Central Cell Block to Washington Hospital Center on July 28, 2013.  He will explain the actions he took during the transport and that his actions were reasonable and necessary under the circumstances.

Expected Time:  2 hours

3.      Robert Howard
        D.C. Metropolitan Police Department
        Fourth District
        6001 Georgia Avenue, NW
        Washington, DC 20011

Defendant Robert Howard will testify about his involvement in the transport of Plaintiff to and from Central Cell Block to Washington Hospital Center on July 28, 2013.  He will explain the actions he took during the transport and testify that his actions were reasonable and necessary under the circumstances.

Estimated time:  2 hours

4.      Bernard Grimsley
        D.C. Metropolitan Police Department
        Fourth District
        6001 Georgia Avenue, NW
        Washington, DC 20011

Mr. Grimsley will testify about his involvement in the arrest of Plaintiff.  He will also testify about his observations during the night of the incident and about the actions he took during the course of Plaintiff's arrest.

Expected Time:  30-45 minutes

      5.      *Edward Mamet
               PO Box 1559
               Cooper Station
               New York, NY 10276

Edward Mamet, a police practices expert, will testify about the reasonableness of force used in this case, specifically the application and checks of handcuffs.  Mr. Mamet will provide his expert opinion to a reasonable degree of professional certainty regarding Kamil Rembiszewski and Robert Howard's actions, and will be prepared to rebut the expert opinions of Plaintiff's police practice expert.

      6.      *A. Jerry Friedman, M.D.
               14955 Shady Grove Road, Suite 260
               Rockville, MD 20850

A. Jerry Friedman, M.D., a licensed and board certified neurologist, is expected to offer testimony related to the injuries allegedly sustained by Plaintiff.  Dr. Friedman is also expected to refute the testimony and opinions of Plaintiff's expert, Dr. Batipps.

Expected time:  1.5 hours

      7.      Any witness identified by Plaintiff subject to Defendants' objections.

Defendants object to Plaintiff's witness Wayne R. Thompson as he was not previously disclosed

as a potential witness in discovery and was not designated as an expert.

## VII.    **EXHIBITS**

   **Plaintiff:**

      1.     Washington Hospital Center – Billing Statements

      2.     Washington Hospital Center – Medical Records

      3.     Medlantic Healthcare – Billing Statements

      4.     Providence Hospital – Billing Statements

      5.     Providence Hospital – Medical Records

6.      Washington Medical Group – Billing Statements

7.      Washington Medical Group – Medical Records

8.      Neurodiagnostic Associates – Billing Statements

9.      Neurodiagnostic Associates – Medical Records

10.     Plaintiff's Medical Billing Summary

11.     Illustrations showing nerves of the wrist

12.     MPD Handcuffing Lesson Plan

13.     Excerpt from <u>Tactical Handcuffing</u> by John G. Peters

14.     CALEA Standard 70.2.1

15.     MPD Incident-Based Event Report

16.     MPD Arrestee's Injury/Illness Report

17.     MPD Arrest/Prosecution Report

18.     Plaintiff's Failed Firearm Course Certification

19.     Allied Barton – Wage Verification

20.     Set of Handcuffs

Plaintiff reserves the right to use any exhibit designated by Defendant.

Plaintiff reserves the right to use additional exhibits for impeachment.

Plaintiff's Objection to Defendants' Exhibit Number 2 - Mugshots of Plaintiff's face are irrelevant and prejudicial.

**<u>Defendants:</u>**

1.      PD 163, Arrest Report, 07/28/2013;

2.      Photos of Plaintiff;  PD 775, Activity Log, 07/28/2013;

3.      Photos of Police Vehicle;

4.     Defendants reserve the right to use any exhibit listed on Plaintiff's exhibit list, subject to the District's objections;

5.     Defendants reserve the right to utilize any exhibit for impeachment purposes.

Defendants object to medical bills and summary reflecting Plaintiff's visits to Washington Hospital Center as they are not causally related to the incident in question. *See* Defs' Motion *in Limine*. Additionally, Defendants object to Plaintiff's Exhibit Nos. 2, 5, 7, 9, 12, 13-16 based on hearsay. Defendants object to Plaintiff's Exhibit Nos. 10, 18 based on hearsay and cumulative. Defendants object to Plaintiff's Exhibit No. 19 based on relevance and hearsay. Defendants reserve the right to object to Exhibit No. 20 as Defendants have not yet seen this exhibit. Defendants object to any exhibit listed by Plaintiff that was not produced in discovery. Defendants reserve their right to object to any exhibit if a proper foundation is not made for the admissibility of the exhibit. Defendants further object to any cumulative exhibits and any evidence that is not relevant to the matters at issue in this case.

## VIII.   <u>DEMONSTRATIVE OR PHYSICAL EVIDENCE</u>

**<u>Plaintiff:</u>** Handcuffs

**<u>Defendants:</u>** MPD Handcuffs

## IX.   <u>DEPOSITIONS AND DISCOVERY RESPONSES</u>

**<u>Plaintiff:</u>**

Howard Deposition

12/6—12/22

30/1 –32/6

39/16 – 40/19

43/11 -- 43/18

48/5-48/22

52/1 – 52/15

Plaintiff's Requests For Admissions

**Defendants:**

Okpara Deposition – 38:10-21; 48:17 – 49:18; 68:9-12; 69:14-18; 123:21-22; 126:9-18; 132:10-14; 135:9-15; 145:22 - 146:5; 147:12-22; 148:19 – 149:3; 149:10-22; 150:17-22; 164:3-11; 188:10-20; 190:3-22; 195:22-196:11.

Plaintiff's discovery responses.

## X.   REQUEST FOR RELIEF

**Plaintiff:**

Plaintiff requests judgment in her favor and an award of damages, allowable costs and attorney's fees.

**Defendants:**

1.   Defendants seek dismissal of the case with prejudice, or verdict and judgment in their favor.

2.   Defendants seek to have Plaintiff pay costs.

## XI.   REQUESTED VOIR DIRE QUESTIONS

**Plaintiff:**

Please see attached.

**Defendants:**

Defendants' proposed Voir Dire Questions are attached.

**XII.   LIST OF STANDARD JURY INSTRUCTIONS REQUESTED**

**Joint:**

1-1      Function of the court

1-2      Function of the jury

1-3      Significance of Party Designations

1-4      Juror's duty to deliberate

1-5      Attitude and conduct of jurors

1-6      Instructions to be considered as a whole

1-7      Court's commenting on evidence

1-8      Court's questions to witnesses

1-9      Jury not to take cue from judge

1-10     Rulings on Objections

1-12     Equality of litigants – individuals

2-1      Evidence in the case

2-2      Evidence in the case – Judicial notice

2-3      Inferences

2-4      Inadmissible and Stricken Evidence

2-5      Statements of counsel

2-6      Jury's recollection of controls

2-7      Evidence admitted Against One Party Only

2-8      Burden of proof

2-9      Evidence produced by adversary

2-10     Direct and circumstantial evidence

3-1      Jury to determine credibility of witnesses

3-2      Number of Witnesses

3-3      Expert Opinion

3-8      Impeachment by Prior Inconsistent Statements

3-9      Adopting Prior Inconsistent Statements

4-3      Multiple Defendants

5-1      Elements of A Negligence Case

5-2      Negligence Defined

5-5      Right to Assume Proper Conduct By Others

5-12     Proximate Cause Defined

12-1     Damages – General

12-2     Extent of Damages – Proximate Cause

13-1     Personal Injury Damages

19-1     Assault

19-3     Battery

**<u>Defendants</u>:**

5-15     Contributory Negligence Defined

5-17     Assumption of the Risk

 Defendants reserve the right to submit additional instructions as evidence unfolds at trial.

## XIII.   LIST OF NON-STANDARD JURY INSTRUCTIONS REQUESTED

**Plaintiff:**

Please see attached.

**Defendants:**

Please see attached.  The District reserves the right to present further non-standard instructions as evidence unfolds at trial.

The Defendants object to Plaintiff's Non-standard Instruction No. 3 – Failure to Intervene.

## XIV.   VERDICT FORM

**Plaintiff:**

Please see attached.

**Defendants:**

Please see attached.

## XV.   SETTLEMENT

The parties have discussed settlement but have not been able to resolve the matter.

## XVI.   ESTIMATED LENGTH OF TRIAL

The parties anticipate that the trial will take approximately 4-5 trial days.

Respectfully submitted,

| | |
|---|---|
| */s/ Geoffrey Allen*_____ | KARL A. RACINE |
| Geoffre D. Allen, Esq. | Attorney General for the District of Columbia |
| D.C. Bar No. 288142 | |
| 1730 Rhode Island Avenue, NW | GEORGE C. VALENTINE |
| Suite 206 | Deputy Attorney General, |
| Washington, DC 20036 | Civil Litigation Division |
| (202) 778-1167 | |
| *Counsel for Plaintiff* | */s/ Patricia A. Oxendine*_____ |
| | PATRICIA A. OXENDINE |
| | D.C. Bar No. 428132 |
| | Chief, Civil Litigation Division, Section I |

/s/ Alicia M. Cullen
MICHAEL K. ADDO
D.C. Bar No. 1008971
Chief, Civil Litigation Division, Section IV
ALICIA M. CULLEN
D.C. Bar No. 1015227
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, Suite 630 South
Washington, DC 20001
202-724-6539 (direct); (202) 442-9840
(direct); (202) 727-6295 (main)
Fax:  202-741-0585; (202) 715-7721
E-mail:  michael.addo@dc.gov;
alicia.cullen@dc.gov
*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| LORRI OKPARA, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
|     v. ) | Civil Action No. 14-CV-535 (RDM) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.,* ) | |
| ) | |
|      Defendants. ) | |
| _____ ) | |

## PLAINTIFF'S PROPOSED *VOIR DIRE*

PLAINTIFF PROPOSES THE FOLLOWING *VOIR DIRE* QUESTIONS IN ADDITION TO THOSE QUESTIONS NORMALLY ASKED BY THE COURT:

1.      Did anyone know the plaintiff or the defendant?

2.      Does anyone know Geoffrey D. Allen, who represents the Plaintiff or Alicia Cullen or Michael Addo who represent Defendants?

3.      Has anyone been employed by any court system such as the Superior Court or Federal Court?  Has any close friend or relative had such employment?

4.      Have any of you or a close friend or relative ever been a victim of, a witness to, or accused of a crime? (Defendant objects)

5.      Does anyone know any of the following persons who might testify in this case?

[Read Witness Lists]

6.      Have you (or close friend or relative) ever worked in a hospital, in the health care field, legal field or law enforcement?  If so, in what capacity?

7.      Have you (or a close friend or relative) ever worked for a company or anyone that investigates, is involved with in any manner or resolves claims of any type?

8.      Have any of you (or a close friend or relative) ever had any type of legal or court experience that might influence your decision in this case.

9.      Has any member of the jury panel, or any member of your immediate family, ever been a plaintiff or a defendant in any other type of civil lawsuit?

10.     Has any member of the jury panel ever appeared as a witness in a lawsuit?  Did that experience influence or affect in any way your ability to render a fair, unbiased and impartial verdict in this case?

11.     Has any member of the jury panel had prior jury service?  Did that experience influence you for or against plaintiffs or defendants so as to affect in any way your ability to render a fair, unbiased and impartial verdict in this case?

12.     Does anyone have any strong feelings about the number of lawsuits or the size of verdicts in the courts these days?

13.     Has any member of the panel read articles on or seen advertisements in magazines or newspapers, or reviewed literature in physicians' office, or seen television or news reports regarding the subject sometimes referred to as "tort reform?"  [If so, these matters should be taken up at the bench.]

14.     Does anyone have special feelings about tort reform?

15.     Have any of you, your family or close friends, ever been seriously injured in any way?

16.     Have any of you or members of your immediate family or close friends ever suffered from chronic neck and/or shoulder pain?

17.     Do any of you have difficulty, even a little, with the concept that a jury may consider the permanent nature of an injury when considering what damages, if any, should be awarded in a negligence case?

18.     Do any of you believe that you would be reluctant, even a little, to award monetary damages for pain and suffering if the court were to instruct you that this an element of damage you should consider in this case?

19.     Have you made financial contributions or belong to groups which favor tort reform?

20.     Do any of you feel it would be difficult to judge a negligence, assault and battery and civil rights case like this one fairly on the evidence presented in court because of any belief that that too many people receive more money than they deserve or that justice is not served by bringing cases like this one or that our legal system must be reformed?

20.     Do any of you know of any reason for believing you could not render a fair and impartial verdict in this case based solely upon the evidence which you hear in this court room and the instructions of the court as to the applicable law?

21.     Does anyone  think it is wrong to sit in judgment of others?

22.     Do any members of the prospective jury panel have any problems with hearing or vision?

23.     Do any members of the prospective jury panel have any problems understanding the English language?

24.     Do any of you live or work near or have any special familiarity with the immediate area where this case is alleged to have occurred?

25.     Is there any other reason why you might find it difficult to serve as a juror in this case?

26.     This trial may last at least 2 to 3 days.  Would any of you be unable to sit as jurors?

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
LORRI OKPARA,                                       )
                                                    )
        Plaintiff,                                )
                                                    )
        v.                                        )       Civil Action No. 14-CV-535 (RDM)
                                                    )
DISTRICT OF COLUMBIA, *et al.,*                     )
                                                    )
        Defendants.                               )
_____ )

## DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS

1.      Are any of you familiar with the facts of this case?

2.      Lorri Okpara is represented by Geoffrey Allen, Esq.  Do any of you know Ms. Okpara or Mr. Allen?

3.      Defendants in this matter are the District of Columbia, Kamil Rembiszewski and Robert Howard.  Defendants are represented by Michael K. Addo, Chief, Civil Litigation Division, Section IV, and Alicia M. Cullen, Assistant Attorney General.  Do any of you know either of the Defendants or their attorneys?

4.      Are any of you lawyers, law students, paralegals, or do any of you work in a law office, or have you ever studied law in the past?  In what area of law do you or does your employer specialize?  Have you or your employer brought suits for personal injury?  Has the firm ever sued the District or been involved in a lawsuit with the District?

5.      Is there any reason why any member of the jury panel would have difficulty listening to testimony or reviewing documents or other evidence in this case?

6.      Have you or a member of your family or a close friend ever worked for the District of Columbia government?

7.      Do any of you have any strong feelings about District of Columbia, including the D.C. Metropolitan Police Department, that would make it more difficult for you to fairly judge the facts of this case?

8.      Have you or a relative or close friend ever been employed in any of the following occupational areas:

        (a)     by any person or company that evaluates or adjusts claims for personal injuries;

        (b)     as a physician, nurse, therapist, or counselor, or in any other capacity in the area of physical or mental health care;

9.      Have any of you ever sat on a jury in a case involving the Metropolitan Police Department, or another agency of the District of Columbia Government?  If so, what was the outcome of the case?

10.     Have you or any member of your family ever sued the District of Columbia, or the Metropolitan Police Department, or made a claim for money against the District of Columbia?

11.     Have you ever been a plaintiff (person suing) in a lawsuit for any reason?  Did the suit settle or go to trial?  Were you satisfied with the results?

12.     This case concerns allegations of negligence and excessive force.  Have you, a family member or close friend had any personal experiences on this topic that would affect your ability to render a fair and impartial verdict?

13.     Have you, a family member or close friend ever had any political, charitable, social or volunteer affiliations that concern police misconduct?

14.     Do any of you feel that where the District of Columbia is sued, you would be more likely to treat the City differently than if a private citizen were sued?  In other words, would you be more likely to award money to the Plaintiff because you don't think the award comes from an individual? Would you be more likely to award to the Plaintiff because of feelings or beliefs you have towards the District government?

15.     Do any of you believe that, because the District of Columbia is a government, that it has an unlimited amount of money to pay claims made by its citizens?  Or, if you decide in the Plaintiff's favor, that you may award a large sum of money to send the District of Columbia a message, even though the Court instructs you that you cannot award punitive damages?

Plaintiff's Objection.  This issue is covered by Question 14.

16.     Do any of you have any preconceived notions regarding the bringing of lawsuits which might interfere with your ability to fairly and impartially judge the evidence in this case?

17.     Do any of you feel for any reason that you cannot render a fair verdict in this case based on the evidence admitted and the law as the Court instructs you, and without regard to passion, prejudice or sympathy?

18.     Ladies and gentlemen, this case may require approximately one week of your time.  Considering the time requirements of this case, is there anyone here who has fixed medical appointments, confirmed travel arrangements, child care needs, or other commitments which would conflict with your obligations as a juror?

19.     Finally, ladies and gentlemen, is there anything you have heard so far or is there any other reason at all why you would feel uncomfortable sitting on this case or why you would prefer to be excused?

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

/s/ Patricia A. Oxendine
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I

/s/ Alicia M. Cullen
MICHAEL K. ADDO
D.C. Bar No. 1008971
Chief, Civil Litigation Division, Section IV
ALICIA M. CULLEN
D.C. Bar No. 1015227
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, Suite 630 South
Washington, DC 20001
202-724-6539 (direct)  (202) 442-9840 (direct);
(202) 727-6295 (main)
Fax:  202-741-0585; (202) 715-7721
E-mail:  michael.addo@dc.gov;
alicia.cullen@dc.gov
*Counsel for Defendants*

**PLAINTIFF'S SPECIAL PROPOSED JURY INSTRUCTIONS**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LORRI OKPARA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                    ) | Civil Action No. 14-CV-535 (RDM) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

**Civil Rights – Color of Law**

To state a civil rights claim, a plaintiff must show that the alleged deprivation was committed by a person acting under color of state law. A person acts "under color of state law" when he exercises a power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.  In this case, the Metro police officers  were acting under color of law – so this requirement is satisfied.

42 U.S.C. § 1983
 *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250 2255, 101 L.Ed.2d 40 (1988).

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LORRI OKPARA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 14-CV-535 (RDM) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**Civil Rights – Unreasonable Use of Force**

Plaintiff claims that the conduct of Officers Howard and Rembiszewski, violated the Fourth Amendment and subjected her to an unreasonable use of force.  In such cases, the Fourth Amendment "reasonableness" inquiry is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene. The actual intent or motivation of the officers is irrelevant.   Factors which may be considered are:  the severity of the crime at issue, whether the arrestee poses an immediate threat to the safety of the officers or others, and whether she was actively resisting arrest or attempting to evade arrest by flight.  If you find the defendants' use of force was objectively unreasonable you should find for the Plaintiff.  If you find the use of force was reasonable, you should find for the defendants.

*Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)
*Fisher v. City of Las Cruces*, 584 F.3d 888 (10th Cir., 2009)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

LORRI OKPARA,                 )
                                      )
           Plaintiff,        )
                                      )
           v.                    ) Civil Action No. 14-CV-535 (RDM)
                                      )
DISTRICT OF COLUMBIA, _et al._,   )
                                      )
           Defendants.     )
_____ )

Civil Rights – Failure To Intervene

A law enforcement official who fails to intervene to prevent another law enforcement official's use of excessive force may be liable under for a Civil Rights violation.  It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable.  If you find that one of the officers could have prevented or stopped the use of excessive force on plaintiff and had the opportunity and means to intervene and prevent or mitigate the harm but failed to do so, then that officer may be held liable.

 _Mick v. Brewer,_ 76 F.3d 1127, 1136 (10th Cir.1996).
_Mascorro v. Billings,_ 656 F.3d 1198, 1204 n. 5 (10th Cir.2011

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
)
LORRI OKPARA,                           )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )        Civil Action No. 14-CV-535 (RDM)
                                        )
DISTRICT OF COLUMBIA, *et al.,*         )
                                        )
            Defendants.                 )
_____ )

## DEFENDANT DISTRICT OF COLUMBIA'S PROPOSED NON-STANDARD JURY INSTRUCTIONS

### 42 U.S.C. § 1983:  The Statute

Plaintiff Lorri Okpara has brought a claim in this case under the Federal Civil Rights Act, 42 U.S.C. § 1983.  This claim is brought against Defendants Kamil Rembiszewski and Robert Howard and not against the District of Columbia. This statute is an enabling act, which establishes the right to sue for money damages for the violation of rights under the United States Constitution or other federal laws. Under 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983

### Burden of Proof

Plaintiff has the burden of proving each and every element of her claim under 42 U.S.C. § 1983 by a preponderance of the evidence against each defendant.  If you find that any one of the elements of Plaintiff's § 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict in favor of Defendants Rembiszewski and Howard.

Adapted from Sand, MODERN FEDERAL JURY INSTRUCTIONS, Instruction 87-67.

Plaintiff's Objection:  It is not necessary to repeat the burden of proof instruction.

**Elements of Claim Under 42 U.S.C. § 1983**

To establish a claim under 42 U.S.C. § 1983, Plaintiff must establish, by a preponderance of the evidence, each of the following three elements: First, that the conduct complained of was committed by a person acting under color of state law; Second, that this conduct deprived Plaintiff of the rights, privileges or immunities secured by the Constitution or laws of the United States; and Third, that Defendants Rembiszewski and Howard's acts were the proximate cause of the injuries and consequent damages sustained by Plaintiff.

Adapted from Sand, MODERN FEDERAL JURY INSTRUCTIONS, Instruction 87-68

**Color of Law**

Whether Defendants Rembiszewski and Howard committed the acts alleged by Plaintiff is a question of fact for you, the jury, to decide.  For purposes of this element of Plaintiff's burden of proof, because Defendants Rembiszewski and Howard were officials of the District of Columbia at the time of the acts in question, they were acting under color of state law.  In other words, the first statutory requirement is satisfied.

Plaintiff's Objection:  The proposed instruction repeats the burden of proof instruction which is unnecessary.

Adapted from Sand, MODERN FEDERAL JURY INSTRUCTIONS, Instruction 87-70

**State of Mind General**

To establish a claim under 42 U.S.C. § 1983, Plaintiff must show that Defendants Rembiszewski and Howard acted intentionally or recklessly.  If you find that the acts of Defendant Rembiszewski and Howard were merely negligent, then, even if you find that Plaintiff was injured as a result of those acts, you must return a verdict in favor of each Defendant.

Plaintiff's Objection:  The standard for a Fourth Amendment excessive force claim is whether the actions of the Officer were objectively unreasonable.  The state of mind of the officers is irrelevant.

Adapted from Sand, MODERN FEDERAL JURY INSTRUCTIONS, Instruction 87-75.

**State of Mind - Intentional**

An act is intentional if it is done voluntarily and deliberately with intent to cause the consequences that occur, and not because of mistake, accident, negligence or other innocent reason.  In determining whether Defendants Rembiszewski and Howard acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's

mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

 Plaintiff's Objection:  The standard for a Fourth Amendment excessive force claim is whether the actions of the Officer were objectively unreasonable.  The state of mind of the officers is irrelevant.

Adapted from Sand, MODERN FEDERAL JURY INSTRUCTIONS, Instruction 87-76.

**State of Mind - Reckless**

An act is reckless if done in conscious disregard of its known probable consequences.  In determining whether Defendants Rembiszewski and Howard acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Plaintiff's Objection:  The standard for a Fourth Amendment excessive force claim is whether the actions of the Officer were objectively unreasonable.  The state of mind of the officer is irrelevant.

Adapted from Sand, MODERN FEDERAL JURY INSTRUCTIONS, Instruction 87-77.

**Proximate Cause – Generally**

In order to prevail under 42 U.S.C. § 1983, Plaintiff must prove that Defendants Rembiszewski and Howard's actions were a proximate cause of the injuries sustained by her.  Proximate cause means that there must be a sufficient causal connection between the act or omission of Defendants Rembiszewski and Howard and any injury or damages sustained by Plaintiff.  An act or omission is a proximate cause if it was a substantial factor in bringing about or causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of Defendants Rembiszewski and Howard's act or omission.  If an injury was a direct result or a reasonably probable consequence of Defendants Rembiszewski and Howard's act or omission, it was proximately caused by such act or omission.  In other words, if Defendants Rembiszewski and Howard's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.  In order to recover for injuries he sustained, Plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of Defendants Rembiszewski and Howard.

Adapted from Sand, MODERN FEDERAL JURY INSTRUCTIONS, Instruction 87.

Plaintiff's Objection:  Cumulative of the general proximate cause instruction.

**Fourth Amendment Claim**

Plaintiff claims that Defendants Rembiszewski and Howard used excessive force in the course of this incident and that this use of force violated his civil rights under the Fourth Amendment of the United States Constitution.  I instruct you that this aspect of Plaintiff's claim is solely against Defendants Rembiszewski and Howard.  The Fourth Amendment guarantees citizens the right "to be secure in their persons… against unreasonable… seizures.  All claims that Defendants Rembiszewski and Howard, both law enforcement officers, have used excessive force, in the course of Plaintiff's arrest are analyzed under the Fourth Amendment and its reasonableness standard.  The right to make an arrest carries with it the right to use some degree of physical coercion to carry it out.  The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than from the 20/20 vision of hindsight.  In determining whether Defendants Rembiszewski and Howard acted reasonably or unreasonably you should make allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation.  The reasonableness inquiry in an excessive force case is an objective one.  The relevant inquiry is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation.  Thus, for Plaintiff to prevail, you must find that Plaintiff has shown by a preponderance of the evidence that Defendants Rembiszewski and Howard used unreasonable force in the circumstances of this case.  If Plaintiff has not convinced you that Defendants Rembiszewski and Howard used unreasonable force under the circumstances he faced, then you must return a verdict in favor of Defendants Rembiszewski and Howard.

*Plumhoff v. Rickard*, 134 S.Ct. 2012, 2020-21 (2014); *Graham v. Connor*, 490 U.S. 386, 395-96 (1989); *Wardlaw v. Picket*, 1 F.3d 1297, 1303 (D.C. Cir. 1993).

**Equality of Litigants-Municipalities**

Our system of justice requires that you decide the facts of this case in an impartial manner.  You must not be influenced by bias, sympathy, prejudice or public opinion.  It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.  In researching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth.  A municipality has the same right to a fair trial as a private individual.  All persons, including municipalities, stand equal before the law and are to be treated as equals in this court.  In other words, the fact that the defendant is a municipality must not affect your decision.

*Standardized Civil Jury Instructions for the District of Columbia* § 1.11, amended to replace the term "corporation" with "municipality."

**No Income Taxes Need Be Paid**

You are instructed that any monetary award granted to Plaintiff is not subject to income taxation.  Therefore, you should not consider to what extent income taxes might reduce the amount to which Plaintiff may be entitled.

*Psychiatric Inst. v. Allen,* 509 A.2d 619 (D.C. 1986); *Norfolk v. Western R.R. Liepelt,* 444 U.S. 490 (1980)

**Do not consider attorney fees or costs**

Should you find for the Plaintiff and award damages in this case, you are instructed that such damages may <u>not</u> include any amount for attorney fees or for court costs.  Any award of fees and costs is entirely separate from the issues to be decided by you.

*In re EQB,* 617 A.2d 199, 201, n.2 (D.C. 1992); *Dist. of Columbia v. Jerry M.,* 580 A.2d 1270, 1273 (D.C. 1990)

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

/s/ Patricia A. Oxendine
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I

/s/ Alicia M. Cullen
MICHAEL K. ADDO
D.C. Bar No. 1008971
Chief, Civil Litigation Division, Section IV
ALICIA M. CULLEN
D.C. Bar No. 1015227
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, Suite 630 South
Washington, DC 20001
202-724-6539 (direct)  (202) 442-9840 (direct);
(202) 727-6295 (main)
Fax:  202-741-0585; (202) 715-7721
E-mail:  michael.addo@dc.gov;
alicia.cullen@dc.gov
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LORRI OKPARA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 14-CV-535 (RDM) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.* | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S PROPOSED VERDICT FORM**

1. As to Count 1 of the Complaint which alleges negligence against the District of Columbia:

   As to Negligence for whom do you find?

   _____ Lorri Okpara

   _____ District of Columbia

   If you find for the Defendant District of Columbia do not continue further as to this Count but proceed to Paragraph 2 below.   If you find for the Plaintiff, Lorri Okpara then please decide whether or not the negligence was a proximate cause of  her injury.

   As to this issue, for whom do you find?

   _____ Lorri Okpara

   _____ District of Columbia

2.  As to Count III which alleges assault and battery against the District of Columbia:

As to assault and Battery for whom do you find?

   _____ Lorri Okpara

   _____ District of Columbia

If you find for the Defendant District of Columbia do not continue further as to this Count but proceed to Paragraph 3 below.  If you find for the Plaintiff, Lorri Okpara then please go on to consider whether or not the assault and battery was a proximate cause of her injury.

As to this issue, for whom do you find?

_____ Lorri Okpara

_____ District of Columbia

If you find for the Defendant District of Columbia do not continue further as to this Count but proceed to Paragraph 3.

If you find for the District of Columbia do not consider damages for this Count.  If you find for Lorri Okpara ,  then you should consider an award of damages as set forth in Paragraph 4, below.

3.     As to Count IV which alleges Civil Rights Violations against Officer Rembiszewski for whom do you find?

_____ Lorri Okpara

_____ Officer Rembiszewski

If you find for Officer Rembiszewski do not continue further but proceed to Paragraph 4 below.   If you find for the Plaintiff, Lorri Okpara then please go on to consider whether or not the violation  was a proximate cause of her injury.

As to this issue, for whom do you find?

_____ Lorri Okpara

_____ Defendant

If you find for Lorri Okpara,  then you should consider an award of damages as set forth in Paragraph 5, below.

4.    As to Count IV which alleges Civil Rights Violations against Officer Howard for whom do you find?

_____ Lorri Okpara

_____ Officer Howard

If you find for Officer Howard do not continue further as to this count.   If you find for the Plaintiff, Lorri Okpara then please go on to consider whether or not the violation was a proximate cause of her injury.

As to this issue, for whom do you find?

_____ Lorri Okpara

_____ Defendant

If you find for Lorri Okpara,  then you should consider an award of damages as set forth in Paragraph 5, below.

5.  If you have found for the Plaintiff, Lorri Okpara  as to both liability and proximate cause, on any of the above Counts, then you should consider damages.  In that case, please indicate what amounts you are awarding for the following categories:

_____ Past Medical Expenses

_____ Future Medical Expenses

_____ Lost Wages

_____ Past Pain and Suffering

_____ Future Paint and Suffering

_____
Foreperson


_____
Date

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
LORRI OKPARA,                           )
                                        )
              Plaintiff,                )
                                        )
      v.                                )          Civil Action No. 14-CV-535 (RDM)
                                        )
DISTRICT OF COLUMBIA, *et al.,*         )
                                        )
              Defendants.               )
_____       )

## DEFENDANTS' PROPOSED VERDICT FORM

### Negligence

1.     Do you find that Plaintiff has proven, by a preponderance of the evidence, that the

       District was negligent because its officers over-tightened Plaintiff's handcuffs and did not

       loosen them?

                    Yes_____          No_____

*If you answered "Yes," proceed to Question Number 2.  If you answered "No," proceed to*
*Question Number 5.*

2.     Do you find that Plaintiff has proven, by a preponderance of the evidence, that she

       sustained damages because the District's officers over-tightened her handcuffs?

                    Yes_____          No_____

*If you answered "Yes," proceed to Question Number 3.  If "No," proceed to Question Number 5.*

3.     Do you find that the District has proven, by a preponderance of the evidence, that

       Plaintiff was contributorily negligent in causing the injuries she sustained?

                    Yes_____          No_____

*Please proceed to Question Number 4.*

4.      Do you find that the District has proven, by a preponderance of the evidence, that

Plaintiff assumed the risk of her injuries?

Yes_____            No_____

*Please proceed to Question Number 5.*

## **Assault and Battery**

5.      Do you find that Plaintiff has proven, by a preponderance of the evidence, that the

District's officers assaulted and battered Plaintiff when they did not loosen her

handcuffs?

Yes_____            No_____

*If you answered "Yes, proceed to Question 6.  If you answered "No," proceed to Question 7.*

6.      Do you find that Plaintiff has proven, by a preponderance of the evidence, that she

sustained damages because of this assault and battery?

Yes_____            No_____

*Proceed to Question Number 7.*

**7.**      Do you find that the District's officers were privileged to handcuff Plaintiff?

Yes_____            No_____

*Proceed to Question Number 8.*

## **Excessive Force**

8.      Do you find that Plaintiff has proven, by a preponderance of the evidence, that the force

used by Defendant Kamil Rembiszewksi in transporting her to and from the hospital on

July 28, 2013, was excessive and in violation of her Fourth Amendment rights?

Yes_____            No_____

*Please proceed to Question Number 9.*

9.     Do you find that Plaintiff has proven, by a preponderance of the evidence, that the force

used by Defendant Robert Howard in transporting her to and from the hospital on July 28, 2013,

was excessive and in violation of her Fourth Amendment rights?

Yes_____          No_____

*If you answered "Yes" to either Question Numbers 8 **or9**8, please proceed to Question No. 10.
You should also proceed to Question No. 10 if you answered "Yes" to Question Numbers 1 **and**
2, **and** "No" to Question Numbers 3 **and** 4; **or** if you answered "Yes" to Question Numbers 5
**and** 6, **and** "No," to Question Number 7.  Otherwise, please stop here and have the foreperson
sign and date the bottom of this verdict form.*

**Damages**

10.  What amount, if any, do you award Plaintiff for her injuries?  $_____



_____          _____

Date                          Jury Foreperson


Plaintiff's Objection:  Plaintiff's objection to contributory negligence and assumption of the
risk.  Plaintiff also objects to not requesting specific damages awards.


Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

/s/ Patricia A. Oxendine_____
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I

/s/ Alicia M. Cullen_____
MICHAEL K. ADDO
D.C. Bar No. 1008971
Chief, Civil Litigation Division, Section IV

ALICIA M. CULLEN
D.C. Bar No. 1015227
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, Suite 630 South
Washington, DC 20001
202-724-6539 (direct); (202) 442-9840 (direct);
(202) 727-6295 (main)
Fax:  202-741-0585; (202) 715-7721
E-mail:  michael.addo@dc.gov;
alicia.cullen@dc.gov
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |
|---|---|
| | ) |
| LORRI OKPARA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )        Civil Action No. 14-CV-535 (RDM) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.,* | ) |
| | ) |
| Defendants. | ) |
| | ) |

_____ )

**DEFENDANTS' PROPOSED SPECIAL INTERROGATORIES**

**Please answer the following questions.  Your answer to each question must be unanimous.**

1.      Do you believe that the handcuffs placed on Plaintiff were overly-tight?

                    Yes_____             No_____

2.      Do you believe that the Officers believed that the handcuffs they placed on Plaintiff were overly-tight?

                    Yes_____             No_____

3.      Do you believe that the Plaintiff informed the Officers that the handcuffs were overly-tight and that they ignored her?

                    Yes_____             No_____

4.      Do you believe that the Officers checked the handcuffs to ensure they were not overly-tight?

                    Yes_____             No_____

5.      Do you believe it was reasonable for Officer Rembiszewski to believe, under the circumstances, that the force he used with the Plaintiff was reasonable?

                    Yes_____             No_____

6.    Do you believe it was reasonable for Officer Howard to believe, under the circumstances, that the force he used with the Plaintiff was reasonable?

Yes_____        No_____

_____        _____
Date                                   Jury Foreperson

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

/s/ Patricia A. Oxendine
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I

/s/ Alicia M. Cullen
MICHAEL K. ADDO
D.C. Bar No. 1008971
Chief, Civil Litigation Division, Section IV
ALICIA M. CULLEN
D.C. Bar No. 1015227
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, Suite 630 South
Washington, DC 20001
202-724-6539 (direct); (202) 442-9840 (direct);
(202) 727-6295 (main)
Fax:  202-741-0585; (202) 715-7721
E-mail:  michael.addo@dc.gov;
alicia.cullen@dc.gov
*Counsel for Defendants*